IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2011 MAR 24 PM 3: 16

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY

| | | |
|---|---|---|
| ROSE CANELA, ET AL.,<br>PLAINTIFFS, | §<br>§<br>§ | |
| V. | § | CAUSE NO. A-10-CV-788-LY |
| | § | |
| HEB GROCERY COMPANY, LP AND<br>PASTRANAS PRODUCE, INC.,<br>DEFENDANTS. | §<br>§<br>§<br>§ | |

## ORDER ON MOTION FOR NOTICE AND CONDITIONAL CERTIFICATION

Before the Court are Plaintiffs' Opposed Motion for Notice and Conditional Certification and Plaintiffs' Request for Hearing on Motion filed January 10, 2011 (Clerk's Document No. 29); Defendant Pastranas Produce, Inc. Objection to Plaintiffs' Opposed Motion for Notice and Conditional Certification filed January 22, 2011 (Clerk's Document No. 34); and Defendant HEB Grocery Company, LP's Response to Plaintiffs' Motion for Notice and Conditional Certification filed March 15, 2011 (Clerk's Document No. 50).

By their motion, Plaintiffs move for conditional certification of themselves and other similarly-situated individuals who were jointly employed by Defendants HEB Grocery Company, LP ("HEB") and Pastranas Produce, Inc. ("Pastranas") as laborers in the produce department of HEB. Plaintiffs allege that they worked in excess of forty hours per week without minimum wages or overtime compensation and that Defendants have employed over 1,000 produce workers in the last three years throughout Texas. Having reviewed the motion and responses, as well as the file and briefing submitted by the parties, the Court determines that Plaintiffs' motion should be granted.

The Fair Labor Standards Act ("FLSA") permits employees to bring an action against their employers for violation of its wage and hour provisions. *See* 29 U.S.C. § 216. Section 216(b) also

permits an employee to bring an action against his employer on "behalf of himself . . . and other employees similarly situated." The requirement that Plaintiffs be "similarly situated" for collective treatment "does not mean identically situated." *Crain v. Helmerich and Payne Int'l Drilling Co.*, No. 92-0043, 1992 WL 91946, at *2 (E.D. La. Apr.16, 1992); *see also Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996). Plaintiffs bear the burden of demonstrating that they are similarly situated. *See Scott v. Aetna Servs., Inc.*, 210 F.R.D. 261, 264 (D. Conn. 2002). Determining whether collective treatment is appropriate is within the court's discretion. *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 90–91, (2003).

Although the FLSA provides little procedural guidance for representative actions, the Supreme Court has held that district courts have discretionary authority to implement the representative action process by facilitating notice to potential plaintiffs, *i.e.*, to persons alleged to be "similarly situated" to the named plaintiffs. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). Determining whether a claim should go forward as a representative action under Section 216(b) requires the court to determine that the plaintiffs are "similarly situated," generally using one of two analyses: (1) a two-step analysis described in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 359 (D.N.J. 1987), or (2) a "spurious class action" analysis described in *Shushan v. University of Colorado*, 132 F.R.D. 263 (D.Colo. 1990). *See Mooney*, 54 F.3d at 1216 (expressly declining to decide which of the two analyses is appropriate upon concluding that plaintiff had failed to satisfy standards of either analysis). Although *Mooney* was an action under the Age Discrimination in Employment Act (ADEA), it applies here because the ADEA explicitly incorporates Section 216(b) of the FLSA. *See Mooney*, 54 F.3d at 1212. "Since *Mooney* district courts in the Fifth Circuit have

uniformly used [the *Lusardi* approach] to determine whether a collective should be certified under the FLSA." *Johnson v. Big Lots Stores, Inc.*, Nos. Civ. A. 04-3201, 05-6627, 2007 WL 5200224, at *3 (E.D. La. Aug. 21, 2007). The Court finds the *Lusardi* approach persuasive.

Under *Lusardi*, a court will first make a determination of whether the plaintiffs are similarly situated at the "notice stage" in order to give notice of the action to potential class members. *Mooney*, 54 F.3d at 1213–14. This conditional class certification is largely based on the allegations set forth in the pleadings and affidavits and, for this reason, is governed by a lenient standard requiring "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001). At this stage, courts generally refuse to consider a defendant's arguments on the merits. *See Eisen v. Carlisle & Jacqueline*, 417 U.S. 156, 178 (1974); *Goldman v. Radioshack Corp.*, No. Civ. A. 2:03-CV-0032, 2003 WL 21250571, at *8 (E.D. Pa. Apr. 16, 2003). If the district court conditionally certifies the collective action, putative plaintiffs are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery. *See Badgett v. Texas Taco Cabana, L.P.*, No. Civ. A. H 05 3624, 2006 WL 367872, at *2 (S.D. Tex. Feb. 14, 2006).

After the opt-in period ends, the second step of the *Lusardi* approach usually occurs. In most cases, the second-step determination is precipitated by a motion for decertification by the defendant, usually filed after discovery is largely complete and the matter is ready for trial. *Id.* At this stage, the court has much more information on which to base its decision, and may make a factual determination on the similarly-situated question. *Id.*

Here, Plaintiffs contend that the lenient initial requirement for conditional certification and notice is easily met, as they have made substantial allegations through their pleadings and supplemental materials that the proposed class is similarly situated in terms of job requirements and payment provisions and have made sufficient allegations of common practices that resulted in FLSA violations. Both Defendants respond that Plaintiffs have not met their burden of showing that conditional certification is appropriate for HEB. HEB proposes that Plaintiffs' motion should be considered under the heightened standard of plausibility in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). HEB also argues that Plaintiffs have made no allegation that HEB exercised the power to hire, fire, or discipline employees of Pastranas, and as such the allegations are insufficient to hold HEB liable as a joint employer. HEB further contends that Plaintiffs have not met their burden of alleging that they were not paid overtime or minimum wages.

As district courts in this circuit have uniformly applied the *Lusardi* approach to determine whether a collective action should be certified under the FLSA, the Court will decline to apply a heightened plausibility standard in this case. However, even under a heightened standard, the Court believes that Plaintiffs have adequately met their burden for conditional certification. Plaintiffs have made substantial allegations in their complaint that HEB was or is an employer of Plaintiffs. These include allegations that HEB maintained attendance information of the produce workers; is responsible for providing produce, fruit, and other supplies for the produce workers; provided the premises on which produce workers work; and that produce workers must comply with HEB's policies and procedures in performing their work. Additionally, Plaintiffs have made substantial allegations that produce workers routinely worked more than 40 hours per week while employed by

Defendant Pastranas (and jointly employed by HEB), were not paid overtime wages, and often were not paid minimum wages. These allegations are supported by thirteen sworn declarations.

Having reviewed the motion and responses, as well as the file and briefing submitted by the parties, the Court finds that Plaintiffs have adequately met their burden for conditional certification and that Plaintiffs' motion should be granted.

**IT IS THEREFORE ORDERED** that Plaintiffs' Opposed Motion for Notice and Conditional Certification filed January 10, 2011 (Clerk's Document No. 29) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before April 7, 2011, Defendants shall provide to Plaintiffs' counsel a list both (a) electronically (in an Excel spreadsheet or similar format with each item of the employee's name, address and phone number designated as a separate field) and (b) by hard copy, of all individuals who have worked for Defendants at any time since October 10, 2007, as a Produce Worker, including the individual's name, current or last known address, phone number, and dates of employment. For purposes of this Order, the term "Produce Worker" shall include any person that (a) cut, prepared, or packaged produce or fruit at any HEB store in Texas, including any and all stores owned or operated by HEB, including but not limited to those stores with the name H-E-B, Mi Tienda, Central Market or any other name, and (b) worked at an HEB store through an intermediary company, Pastranas Produce.

**IT IS FURTHER ORDERED** that Plaintiffs may disseminate the Notice and Consent/Information Forms attached as Exhibits D-1 (as modified below) and D-2 to Plaintiffs' Motion for Notice and Conditional Certification (in both English and Spanish) to all current and former Produce Workers. The last paragraph of Plaintiffs' proposed notice shall be modified to read as follows:

Please note: you are not a member of the class and will not have a claim for money damages until you return the enclosed consent form and the form is filed by the attorneys. You have the right to choose another attorney, or you may choose to be represented by the attorneys for the current plaintiffs by returning the enclosed forms to:

**IT IS FURTHER ORDERED** that Defendants shall post the Notice and Consent/Information Forms referenced herein (in both English and Spanish) in a conspicuous place (such as a break room or a bulletin board) in all HEB stores commencing April 8, 2011 and ending on July 8, 2011.

**IT IS FURTHER ORDERED** that Defendants shall not email, mail, or use any other method of communication to directly or indirectly discuss any aspect of this lawsuit with any Produce Worker.

**IT IS FURTHER ORDERED** that anyone who wishes to join this action must return a consent form to counsel who shall file the consent form with this Court on or before July 8, 2011.

SIGNED this __24th__ day of March, 2011.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE